# UNITED STATES DISTRICT COURT
### District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Jacob Fragoso** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **2:10CR02148-001JB**<br>USM Number: **71606-280**<br>Defense Attorney: **Steven Almanza, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **1, 2 and 3 of Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 21 U.S.C. Sec. 841 (b)(1)(C) | Distribution of Cocaine | 01/26/2007 | 1 |
| 21 U.S.C. Sec. 846 | Conspiracy to Violate 21 U.S.C. Sec. 841 (b)(1)(C) | 03/24/2007 | 2 |

The defendant is sentenced as provided in pages 2 through **8** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**November 2, 2012**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**January 10, 2013**
Date Signed

Case 2:10-cr-02148-JB   Document 118   Filed 01/10/13   Page 2 of 8

Defendant: **Jacob Fragoso**
Case Number: **2:10CR02148-001JB**

## ADDITIONAL COUNTS OF CONVICTION

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 21 U.S.C. Sec. 841 (b)(1)(C) | Distribution of Cocaine | 03/24/2007 | 3 |

Defendant: **Jacob Fragoso**
Case Number: **2:10CR02148-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **15  months**.

**A term of 15 months is imposed as to each of Counts 1,2, and 3; said terms shall run concurrently for a total term of 15 months.**

**Defendant Jacob Fragoso pled guilty to violations of: (i) Counts 1 and 3 - 18 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2, that being Distribution of Cocaine and Aiding Abetting; and (ii) Count 2 - 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), that being Conspiracy to wit: Distribution of a Mixture and Substance Containing a Detectable Amount of Cocaine. Fragoso was responsible for selling a total of 319.35 grams of cocaine. Fragoso`s base offense level, pursuant to U.S.S.G. § 3D1.2(d), is 22. The Court applies a 2-level decrease pursuant to U.S.S.G. § 5C1.2(a), because Fragoso meets the requirements set forth in U.S.S.G. § 5C1.2(a)(1-5) and 18 U.S.C. § 3553(f)(1-5). The Court granted a 3-level decrease to Fragoso`s offense level, pursuant to U.S.S.G. § 3E1.1(b), because Fragoso demonstrated an acceptance of responsibility for the offense, producing a total offense level of 17. Fragoso`s criminal history is category I. His advisory guidelines sentence is 24 to 30 months.**

**The Court believes that a sentence of 15 months with one year of supervised release adequately reflects the seriousness of the crime that Fragoso committed, and will promote respect for the law, provide just punishment, and afford adequate deterrence. While the sentence varies substantially from the suggested range under the Sentencing Guidelines, it is a more reasonable sentence and more faithfully promotes the sentencing goals Congress laid down in 18 U.S.C. § 3553(a).**

**The Court has carefully considered the parties` arguments in this case and Fragoso`s circumstances. The Court has identified several factors that counsel in favor of varying downward. A factor that weighs significantly in favor of varying downward is the circumstances surrounding one of the parties` stipulation. The Plea Agreement, filed June 23, 2012 (Doc. 69), stipulated to Frargoso`s role in the criminal activity being between a minor/minimal role. Had the Court accepted the parties` stipulation to Fragoso`s role, Fragoso`s total offense level would have been 14, and -- with a criminal history category of I -- would correspond with a guidelines sentence range at 15 to 21 months. The Court did not, however, accept the parties` stipulation to the downward role adjustment. The Court previously found that his co-Defendant, Iglacer Hernandez, was entitled to a 3-level downward adjustment for being a minor/minimal participant, where Hernandez was only there to act as the muscle, or enforcer, of the transaction. Because Fragoso -- at a minimum -- brokered the deals, the Court did not find that the facts and circumstances surrounding the criminal activity for which Fragoso pled guilty supported finding that Fragoso`s culpability in regards to the criminal activity or knowledge of the overall criminal scheme made him a minor/minimal participant also. The Court nevertheless concludes that Fragoso`s circumstances and the circumstances surrounding the criminal case against him counsel in favor of varying downward to a sentence commensurate with his Plea Agreement. Although not sufficient for the Court to grant a 3-level downward adjustment for a mitigating role in the criminal activity, Fragoso appears to have only brokered the drug sales, but did not physically possess or transfer possession of the drugs. In the only transaction in which the United States asserts that evidence suggests Fragoso attempted to physically distribute drugs by himself, the Drug Enforcement Agency`s analysis of the substance revealed that the substance Fragoso sold did not contain any controlled or illegal substance. Another factor that weighs in favor of varying downwards is weaknesses within the United States` case against Fragoso. While Fragoso agreed that the United States could prove him guilty at trial, Fragoso raised issues whether there was sufficient evidence to prove his connection to previous drug transactions in which the United States alleges he was involved. The United States conceded at the hearing that it would not have attempted to introduce evidence of the alleged prior transactions had the case gone to trial. Finally, Fragoso represents that he struggles with some level of mental illness and learning disability. While the Court sentences defendants struggling with mental illness often, and although Fragoso`s learning disability does not rise to the level that the Court believes would allow for downward departure pursuant to U.S.S.G. § 5K1.2, for diminished capacity, that Fragoso`s mental disability may have played some role in his committing the crime counsels in favor of varying downward.**

**A sentence within the guidelines range would be excessive and would contravene Congress` command that courts impose sentences that are sufficient but not greater than is necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court recognizes the seriousness of the offense Fragoso committed, but believes that the 15-month sentence it imposes is a long sentence, and better than no sentence at all had the United States not been able to prove its case to the jury beyond a reasonable doubt. This sentence should provide adequate deterrence to Fragoso in light of his having no criminal history points, and only having been arrested**

once before the crime, in 2003. The nature of Fragoso`s role in the offense of brokering the drug transaction and his personal history indicate that he is not a substantial danger to the public, and this sentence thus adequately protects the public. The variance avoids unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. The United States asserted at the hearing that, while Fragoso`s role may not have been commensurate with Hernandez`, for whom the Court granted a 3-level downward adjustment for a minor/minimal role in the criminal activity, it was very close to the same. The sentence that the Court imposes varies considerably from the guidelines, but in these circumstances, the sentence imposed more effectively promotes the goals outlined in 18 U.S.C. § 3553(a). The Court believes that this sentence fully and effectively reflects each of the factors embodied in 18 U.S.C. § 3553(a). Moreover, a longer sentence would be unnecessarily punitive and would not serve any useful purpose. While the Court`s task as a trial court is not to come up with a reasonable sentence, but to balance the 18 U.S.C. § 3553(a) factors correctly, see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir.2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).") (citation omitted), the Court believes that this sentence is a more reasonable sentence than the guideline sentence. And perhaps most important in this calculation, the Court believes that this sentence is sufficient, but not greater than necessary, to comply with the purposes of punishment set forth in the Sentencing Reform Act of 1984. The Court thus sentences Fragoso to 15 months imprisonment with one year of supervised release.

☒  The court makes the following recommendations to the Bureau of Prisons:

**Big Spring Federal Correctional Institution, Big Spring, Texas, if eligible**

☒  The defendant is remanded to the custody of the United States Marshal.
☐  The defendant shall surrender to the United States Marshal for this district:
  ☐  at  on
  ☐  as notified by the United States Marshal.
☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐  before 2 p.m. on
  ☐  as notified by the United States Marshal
  ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **Jacob Fragoso**
Case Number: **2:10CR02148-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **1 year** .

**A term of 1 years is imposed as to each of Counts 1, 2, and 3; said terms shall run concurrently for a total term of 1 year.**
The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Case 2:10-cr-02148-JB   Document 118   Filed 01/10/13   Page 7 of 8

AO 245B (Rev. 12/10) Sheet 3									Judgment - Page 7 of 8

Defendant: **Jacob Fragoso**
Case Number: **2:10CR02148-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting drugs at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants.**

**The defendant must participate in and successfully complete an outpatient mental health treatment program approved by the probation officer. The defendant may be required to pay a portion of the cost of this treatment to be determined by the Probation Officer.**

**The defendant must provide the probation officer access to any requested financial information, personal income tax returns, authorization for release of credit information, and other business financial information in which the defendant has a control or interest.**

Defendant: **Jacob Fragoso**
Case Number: **2:10CR02148-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐   The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| | **$300.00** | **$0.00** | **$0.00** |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A   ☒   In full immediately; or
B   ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.